JUDGMENT: Vacated and remanded
OPINION
{¶ 1} Defendant-appellant Allen R. Ward, Jr. appeals the February 21, 2006 Entry entered by the Muskingum County Court of Common Pleas, which sentenced him to an aggregate term of five years imprisonment and imposed a mandatory fine of $10,000, following appellant's entering a guilty plea to the charges against him. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE[1] {¶ 2} On November 3, 2005, the Muskingum County Grand Jury indicted appellant on eleven drug related charges. Appellant entered an initial plea of not guilty to the charges. The trial court scheduled the matter for trial on January 12, 2006.
 {¶ 3} On January 6, 2006, appellant appeared before the trial court and withdrew his former pleas of not guilty plea and entered pleas of guilty to counts one through seven, and counts nine through eleven of the indictment. The State, by negotiated plea agreement, would nolle count eight. The trial court accepted appellant's plea and deferred sentencing pending a pre-sentence investigation.
 {¶ 4} Appellant appeared for sentencing on February 13, 2006, at which time the State moved the trial court for leave to nolle count eight of the indictment. The trial court granted the State's request for leave. Thereafter, the trial court sentenced appellant to serve a one year term of imprisonment on counts one through seven, and counts nine and ten. With respect to count eleven, the trial court sentenced appellant to a mandatory prison term of four years and imposed a mandatory fine of $10,000. The trial court ordered counts one through seven, and nine and ten run concurrent with each other, but consecutive to count eleven, for an aggregate sentence of five years. The trial court memorialized the sentence via Entry filed February 21, 2006.
 {¶ 5} It from this entry appellant appeals, raising the following assignments of error:
 {¶ 6} "I. THE COURT ERRED IN SENTENCING THE APPELLANT TO FIVE YEARS IN PRISON, CONTRARY TO STATE V. FOSTER, 109 OHIO ST. 3D, 1, 2006-OHIO-856.
 {¶ 7} "II. THE COURT ERRED IN IMPOSING A MANDATORY FINE TO AN INDIGENT DEFENDANT."
 I {¶ 8} In his first assignment of error, appellant maintains the trial court imposed a sentence upon him which is contrary to the Ohio Supreme Court's recent decision in State v. Foster, 109 Ohio St.3d, 1,2006-Ohio-856. We agree.
 {¶ 9} Because appellant's sentence is based upon an unconstitutional statute which was deemed void in Foster, supra, appellant's first assignment of error is sustained. Accordingly, we vacate appellant's sentence and remand the matter for resentencing in accordance withFoster, supra.
 II {¶ 10} In his second assignment of error, appellant argues the trial court erred in imposing a mandatory fine upon an indigent defendant.
 {¶ 11} In light of our disposition of appellant's first assignment of error, we find this assignment of error to be premature.
 {¶ 12} The sentence entered by the Muskingum County Court of Common Pleas is vacated and the matter remanded to that court for further proceedings consistent with this opinion and the law.
By: Hoffman, P.J. Farmer, J. and Boggins, J. concur
For the reason stated in our accompanying Memorandum-Opinion, the sentence entered by the Muskingum County Court of Common Pleas is vacated and the matter remanded for further proceedings consistent with our opinion and the law. Costs assessed to the State.
Hoffman, P.J. Farmer, J. and Boggins, J.
[1] A Statement of the Facts is not necessary to our disposition of this appeal.